## Hanforth *v.* Tarentum Traction Passenger Railway Company, Appellant.

*Negligence—Misleading of jurymen—Affidavit of juror—Evidence—Discretion of court—New trial.*

An affidavit of a juryman that the plaintiff had willfully misled the jury as to the character and extent of her injuries, filed in support of a motion for a new trial, is only evidence addressed to the discretion of the judge, and if the judge refuses a new trial, the appellate court will not interfere.

Argued Oct. 26, 1905. Appeal, No. 95, Oct. T., 1905, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1903, No. 585, on verdict for plaintiff in case of Mattie Hanforth and James Hanforth, her husband, v. Tarentum Traction Passenger Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McCLUNG, J.

Verdict and judgment for plaintiff for $2,250.

In support of a motion for a new trial the following affidavit was filed :

" My name is W. D. Hill. I reside at Oakmont. I was one of the jurors in the case of Mrs. Hanforth and her husband against the Tarentum Traction Passenger Railway Company, in which case verdicts were rendered for the plaintiffs on the day of February, 1905.

" I am employed by the P. C. & Y. Railway Company, and my office is in Pittsburg at the Lake Erie Railroad station, south side, Pittsburg. I am chief clerk to the secretary and accountant. On the evening of the day on which the verdicts were rendered, at about five o'clock, I boarded a street car at the P. & L. E. depot to come to Pittsburg. As soon as I entered the car I saw the plaintiff, Mrs. Hanforth, her daughter, her daughter-in-law and a young lady who testified in the case ; they were all seated on the north side of the car, that is, the left side going towards the Union station. The daughter-in-law had her child with her, and lifted the child onto her knee ; the child seemed to me to be standing up on its mother's

knee, but whether or not it was standing or not I do not know, at any rate it was in an upright position, not sitting. Mrs. Hanforth, the plaintiff, was sitting next to her daughter-in-law and reached up with both hands to the child's bonnet strings and seemed to be tying them; her face was towards me, and she did this without the least expression of pain on her face, in fact, she was smiling, apparently at the child. She raised both arms and extended them towards the child, up to, or nearly at right angles, with her body. Her movement was very much freer and greater than that she displayed to the jury on the trial of the case. When the car reached the Pittsburg side of the river, along about Third or Fourth avenue, she threw the elbow of her left arm up onto the window sill, or the top of the back of the seat, into a position at full right angle with her body, and then raised her hand above or opposite to the top of her head, and apparently was rubbing the steam or frost off the car window.

" I watched her pretty closely, because I was interested in the case, as a matter of curiosity, and the movements of her arm on the car convinced me that her testimony, given in the trial of the case, was misleading, and so much so that, if the facts had been known to me before the verdict had been rendered, I could not have agreed to a verdict in her favor."

McClung, J., filed the following opinion :

The testimony submitted upon the reargument of this case would not justify us in concluding that the plaintiff had fraudulently misrepresented the fact as to the extent of her disability as to the use of her arm.

Taking the testimony altogether, we have practically the same case that was submitted to the jury.

The verdict expresses the judgment of the jury as to the damages sustained, and we cannot disturb it. The rule for a new trial must be discharged.

*Error assigned* was refusal of new trial.

*Richard A. Kennedy*, with him *David Smith* and *Nelson McVicar*, for appellant.

*George E. Alter*, for appellee.

PER CURIAM, January 2, 1906:

The charge that the plaintiff had willfully misled the jury as to the character and extent of her injuries raised only a question of fact. The affidavit of one of the jury, though tending strongly to establish the charge, was nevertheless only evidence addressed to the discretion of the judge on the motion for a new trial. We see no ground to interfere with his action.

Judgment affirmed.